S. KAILAA *vs.* S. M. KAAUKAI, J. C. KAAUKAI (w.), and MANA.

APPEAL FROM DECISION OF McCULLY, J.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Land worth $800 was conveyed to K. for the consideration of $20, with which to pay for a $16 coat.

Held, on the admissions in the answer, that the deed should be considered to be a mortgage.

The grantee K. sold the land to M.

Before delivery of the deed to M., the original grantor told M. the facts of the transaction between him and K.

Held, M. was put on his inquiry, and was not a *bona fide* purchaser.

OPINION OF THE COURT BY BICKERTON, J.   DOLE, J., Dissenting.

This is a bill in equity to declare a deed to be a mortgage. The matter comes here on appeal from the decision of Mr. Justice McCully, which is as follows :

## DECREE.

This cause came on regularly to be heard on Thursday, the fourth day of January, A. D. 1885, Messrs. Charles Creighton and S. K. Kane appearing for the plaintiff, and Mr. J. M. Poepoe appearing for the defendants; and the respective parties being present in Court, and after reading the sworn bill of complaint herein and defendants' sworn answer thereto, the Court did order that no testimony be introduced, but that a decree be entered upon said bill and answer in favor of the said plaintiff; wherefore,

It is hereby ordered, adjudged and decreed that the deed executed on the eleventh day of May, A. D. 1885 (recorded in Liber 96, page 113, in the Registry of Deeds), by said plaintiff S. Kailaa to defendant S. M. Kaaukai, husband of defendant J. C. Kaaukai, is a mortgage to secure the loan of the sum of $20 and interest loaned and advanced by defendant J. C. Kaaukai to plaintiff, and that this cause be referred to J. H. Reist, Master, to ascertain and report the amount of money, including the principal and interest, due under the said mortgage. And that the report of the Master filed herein be confirmed, and said plaintiff is hereby decreed to pay to said Kaaukai the sum of $20 15-100 as said in report found to be due.

That Mana, one of the defendants herein, is hereby ordered and decreed to execute unto said plaintiff a good and sufficient deed of the property mentioned in said mortgage, and which was conveyed to said Mana by the defendants J. C. Kaaukai and S. M. Kaaukai, and that said Mana's wife join with him in said conveyance and deed to plaintiff.

That the defendants S. M. Kaaukai and J. C. Kaaukai deliver up to plaintiff the said deed executed on May 11, 1885, and said Mana deliver up to said plaintiff the deed from S. M. Kaaukai and J. C. Kaaukai to him, dated June 13, 1885, of record in Liber 98, page 128.

That the defendant S. M. Kaaukai do pay all the costs incurred in this cause, and also all cost of drawing, acknowledging and recording the deed from Mana to plaintiff.

BY THE COURT.

The plaintiff alleges in his bill that on or about 2d May, 1885, plaintiff went to one Meekapu, a tailor doing business in Honolulu, and ordered a coat, the price being $16. When the coat was finished plaintiff did not have the money to pay for it, but said he would in one week; but Meekapu refused to deliver the coat until the $16 was paid; that defendant Kaaukai was present and offered to loan the money to plaintiff if he would give security upon his land, which he (plaintiff) agreed to do; that a deed of the land was drawn up, the consideration named being $20; that said deed was absolute in form, but was intended merely to be a mortgage to secure the repayment of the said $20 so loaned by defendant; that deed was made to defendant J. C. Kaaukai, wife of said S. M. Kaaukai, and was duly executed and acknowledged by the plaintiff.

That when the said deed was executed, defendant Kaaukai said to plaintiff that when said $20 was paid to him he would deliver up said deed, and re-convey the land to plaintiff. That shortly after the execution and delivery of said deed, plaintiff tendered to Kaaukai the said sum of $20, and requested him to return the deed and re-convey the said premises to him in accordance with the agreement between them. That Kaaukai refused to receive the $20, or to surrender the deed, or to re-convey the said land, or cause the same to be done, but told the plaintiff that he had no land, as he (Kaaukai) had sold the land to the defendant Mana and given him a deed of it. That shortly after plaintiff went to defendant Mana and tendered him the said $20; but he (Mana) refused to receive the money or return the first-mentioned deed, or to re-convey the land to plaintiff. That the plaintiff is informed that Kaaukai held the said deed to Mana as security for the payment of a large part of the purchase money. That at time of purchase, and of execution of deed from Kaaukai to Mana, Mana had full knowledge of the fact that deed from plaintiff to Kaaukai was by way of mortgage, and that he had sufficient knowledge and information of the fact to put him on his inquiry. That the premises

conveyed by plaintiff to Kaaukai are of the value of $800. And that said consideration of $20 is wholly inadequate for the said premises.

And plaintiff prays that the deed to Kaaukai be declared a mortgage for the security of the payment of the $20, and that the Court will ascertain and declare the sum due upon such security. That the said deed may be ordered to be delivered up and cancelled upon the payment of the money due thereunder. That the said deed to Mana may be delivered up and cancelled, and said Mana ordered to convey said land to plaintiff.

The answer of S. M. Kaaukai and J. C. Kaaukai, his wife, sets forth: That plaintiff asked him, Kaaukai, to give him money for the purpose of paying Meekapu for the coat; that they talked about plaintiff selling some cows and calves, also some land, and finally plaintiff offered to sell the land in question; that it is not true that he, Kaaukai, agreed to let plaintiff have the money he wanted by way of mortgage, but that the money was paid and given because plaintiff promised to sell the land; that a deed was made between the plaintiff and defendant for $20 in the shop of Meekapu, and there read to plaintiff and handed to him, and he (plaintiff) approved of said deed; that said deed was absolute in form, and was not intended as a mortgage to secure payment of $20; that the deed was duly executed and acknowledged; that he, Kaaukai, told plaintiff that if he was going to sell the land he would inform him, so he might have a chance to buy the land back again; and that before the deed to Mana was made, plaintiff was informed by defendant that he wanted to sell the land, and sent word to plaintiff to come and purchase said land if he wanted it, but that plaintiff did not come in time, and that J. C. Kaaukai and S. M. Kaaukai made a deed to defendant Mana; that after deed was made to Mana, plaintiff did come to Kaaukai about the land, but did not offer him the $20, but merely said he was ready with $100, and if defendant S. M. Kaaukai would accept it, he would buy the land back again. That it is true said land

had been sold to Mana as stated in the complaint, and Kaaukai avers that he informed plaintiff that the land had been sold to Mana for $150, and that $100 had been paid; and that $50 was still due, and that he, Kaaukai, still held the deed of said land until balance was paid; and that he advised the plaintiff to go and see Mana, and if Mana was willing to accept the $100, then the land could be sold to him again.

The answer of Mana, one of the defendants, sets forth : That he did receive a deed from Kaaukai and wife for said land; that it is true that plaintiff came to him, but that he did not offer $20 as stated in complaint, but said he had heard from Kaaukai that the land had been sold to defendant (Mana), and so he had come to pay him $150 for the land. That Mana informed him he had paid $150 for it, that $100 had been paid, and that there was $50 still due, which was to be paid in February, 1886; and that if plaintiff paid him $100 and $2 for acknowledgments, and made arrangement with Kaaukai about the $50 still due, that he, Mana, would sell the land to plaintiff. That plaintiff said he would think over the matter; that from that time he has not seen the plaintiff. That said $50 has been paid to Kaaukai; that plaintiff has not paid defendant the $100; that he denies that Kaaukai had the deed to Mana as security for payment of part of the purchase price. That at time deed was made, and before that time, that he, Mana, did not know that the deed made by plaintiff to Kaaukai was in the nature of a mortgage; and that he did not hear nor know of the arrangements made between plaintiff and Kaaukai as would put him on his guard, or cause him to search the title of defendants. That he acted in good faith, supposing from the deed that Kaaukai and wife had a good title. That he paid the $150 in three payments.

The deed from plaintiff to Kaaukai is dated 11th May, 1885, and recorded 15th of June, 1885. The deed from Kaaukai to Mana is dated 13th June, 1885, and recorded 27th February, 1886.

We do not find any denial in the answer that the land is of the value of $800. This allegation we must presume to be true.

42

It certainly does seem a most extraordinary thing for a man to be willing to sell for $20 what was worth $800, simply to get $16 to pay for a coat! Twenty dollars was certainly not anything near the value of land, for we find that a few weeks after Kaaukai sold the same to Mana for $150.

Story, in his Equity Jurisprudence, Section 246, says : "There may be such an unconscionableness or inadequacy in a bargain as to demonstrate some gross imposition, or some undue influence, and, in such cases, Courts of Equity ought to interfere upon the satisfactory ground. of fraud. But then such unconscionableness or such inadequacy should be made out as would (to use an expressive phrase) shock the conscience, and amount in itself to conclusive and decisive evidence of fraud."

This gross inadequacy in itself should have put Mana on his inquiry, as the deed to Kaaukai was of record. But we find from the answer, that a short time after the first deed and when Mana had only paid $100 of the purchase price, still owing $50, and when the deed from Kaaukai to Mana was still, as is admitted by Mana, in the possession of Kaaukai, and had not been delivered to Mana, plaintiff had a conversation with him, Mana, in regard to the land. He then had full notice of the transaction before his own purchase was complete, and cannot now claim that he was an innocent purchaser without notice. It is noticeable that the deed to Mana is dated 13th June, 1885, and not recorded until 27th February, 1886. This tends to show that Mana did not get delivery of the deed until about that date, viz: 27th February, 1886. This is a suspicious circumstance, for he had been informed some time before, in June, 1885, by plaintiff, that there was trouble about the land, and he would probably have placed the deed on record at once if he had it in his possession. Mana, in his answer, says there were three payments.

There are a great many very suspicious elements about this whole case, and they strongly indicate fraud on the part of Kaaukai.

We are of opinion that the learned Justice was fully warranted in ordering the decree he has, on the bill and answer. And the decree is sustained.

Appeal dismissed with costs.

*C. Creighton* and *S. K. Kane*, for plaintiff.

*J. M. Poepoe*, for defendants.

---

### Dissenting Opinion of Mr. Justice Dole.

I doubt the correctness of the decree appealed from, with regard to the defendant, Mana. No evidence was taken and the inference from the bill and answer that the deed from the Kaaukais had not been delivered to Mana when the plaintiff, Kailaa, first applied to him for the return of the land, appears to me to be based upon insufficient foundation. The bill in section 10 alleges that the defendant, S. M. Kaaukai, told the plaintiff that he "had sold the land to Mana, defendant herein, and given him, said Mana, defendant, a deed of said premises." Mana in the answer alleges, "It is true, as stated in the 10th section of the bill, that he did receive a deed from S. M. Kaaukai and J. C. Kaaukai, two of the defendants, for the land in question." These statements clearly refer to a period previous to the first application by the plaintiff to Mana to return the land. If it was a fact that the deed was delivered to Mana at that time, the title passed thereby, and he was an innocent purchaser, so far as is shown, unless the inadequate price mentioned in the deed from Kailaa should have put him on his inquiry. There is nothing in the record to oppose this theory but S. M. Kaaukai's allegation in the answer, that when the plaintiff applied to him to have the land returned to him, he "informed plaintiff that the land had been sold to Mana for $150, and that $100 had been paid and $50 was still due, and that he then held the deeds of the land for the balance," which would be consistent with the theory that the deed was delivered to Mana, and thereafter was deposited by him with S. M. Kaaukai as security for the balance of the price of the land.

Even if it is true, as it may be, that the deed was not delivered by S. M. Kaaukai to Mana at first, but was held back until the balance was paid, it was finally delivered in February, 1886, and recorded; under these circumstances the conclusion of the Judge at Chambers, that Mana had been put on his inquiry before such delivery, is a matter of inference from what appears to me to be very meagre data. The following is all the record has to offer on this point. Section 11 of the bill : "That shortly thereafter your orator went to said defendant Mana and tendered him the said $20, but said Mana refused to receive said money or to return said first-mentioned deed to your orator, or to reconvey the said premises to your orator." Section 2 of Mana's answer : "It is true that the plaintiff did come to this defendant, as is stated in the 11th section of the bill, but that he did not offer this defendant $20 as stated in said 11th section, but he said he had heard from S. M. Kaaukai, one of the defendants, that the land had been sold to this defendant, and so he had come to pay this defendant $100 for said land." There is certainly nothing here to have awakened suspicion in Mana's mind that there was anything wrong in the transaction between Kailaa and S. M. Kaaukai, or to put him on his inquiry.

Nor does it seem to me that the inadequate price of $20 named in the deed from Kailaa necessarily put Mana on his inquiry. A price named in a deed is only *prima facie* evidence of the real consideration. Moreover Mana in his answer denies all knowledge of the private arrangements between Kailaa and S. M. Kaaukai, such as would put him on his guard in the matter, or inform him that a mortgage was intended by the deed from Kailaa.

The price of the land as conveyed to Mana is a better indication of its real value than the allegation of the bill of complaint, and considerably reduces the disproportion of the prices named in the two deeds.

It may be that there was evidence that would make Mana liable in the matter, but the record as it stands does not implicate him, to my mind, but leaves him in a position of an innocent third party, who is entitled to protection as such.